IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL A. WOOTEN,**

                              **Plaintiff,**

       v.                                                CASE NO. 20-3232-SAC

**THOMAS KELLY RYAN, et al.,**

                              **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Michael A. Wooten, who is detained at the Johnson County Adult Detention Center (JCADC) in New Century, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. He names as defendants Johnson County District Judge Thomas Kelly Ryan and Chairman of the Johnson County Board of Commissioners Ed Eilert, whom Plaintiff sues in their individual capacities. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures the deficiencies identified in this order.

**I.   Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When screening, the Court liberally construes a pro

se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Discussion

Plaintiff generally asserts that the defendants violated his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1, p. 3.) Liberally construing the complaint, Plaintiff appears to allege that on October 3, 2017, the defendants conspired to interfere in his pending criminal prosecution and "to protect [Johnson County] payroll from liability civil or public." (Doc. 1, p. 4-6.) Plaintiff alleges that the events underlying his claims occurred at a private residence and in the JCADC, and he specifically alleges that Defendant Ryan "muted sound motions" and Defendant Eilert said "he's going to fix [Plaintiff's] ass." *Id.* at 4. Plaintiff contends that he suffered emotional distress, mental anguish, and "libel," and he seeks $1,000,000 in damages. *Id.* at 6. The Court has identified the following deficiencies in the complaint.

First, it appears that Plaintiff's claim against Defendant Ryan is based on his actions as a judge. Judges are absolutely immune from civil suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump*

2

*v. Sparkman*, 435 U.S. 349, 356-57 (1978). Thus, any claim against Defendant Ryan is subject to dismissal based on absolute judicial immunity.

Second, the complaint wholly fails to state a claim for relief. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint

or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

Although Plaintiff broadly alleges wrongdoing by the defendants, the complaint does not provide specifics. For example, the complaint appears to allege that Defendants interfered with or improperly initiated the criminal prosecution of Plaintiff, but it does not identify any actions or inaction that did so, other than generally asserting the denial of motions and preemptive rulings. Plaintiff does not identify the motions or rulings. In order to state a claim for relief, Plaintiff must allege in the body of the complaint specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including

4

dates, locations, and circumstances. General, conclusory assertions of the kind in the current complaint are insufficient to state a claim upon which relief can be granted. Thus, the Court concludes that this action is subject to dismissal in its entirety.

The Court will grant Plaintiff the opportunity to submit an amended complaint that includes sufficient factual allegations to state a claim upon which relief could be granted. The amended complaint must be submitted upon court-approved forms. Plaintiff is cautioned that an amended complaint is not an addendum or supplement to the original complaint. Rather, an amended complaint completely supersedes an earlier complaint and any claims or allegations not presented in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer to an earlier pleading; instead, the amended complaint must contain all allegations and claims that Plaintiff intends to present in this action, including those already included in the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 1, 2021, to submit a complete and proper amended complaint as directed. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file an amended complaint may result in the dismissal of this matter without prior notice to Plaintiff.

5

**IT IS SO ORDERED.**

DATED:  This 1st day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge