IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. WOOTEN,

                 **Plaintiff,**

      **v.**                                                                CASE NO. 20-3232-SAC

**THOMAS KELLY RYAN**, et al.,

                 **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's amended complaint. Plaintiff, a prisoner in pretrial detention, proceeds pro se and in forma pauperis.

### Nature of the amended complaint

Plaintiff sues Thomas Kelly Ryan, a state district court judge, and Ed Eilert, a Johnson County Commissioner. The amended complaint presents three counts. In Count 1, plaintiff asserts violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. The form complaint does not contain an explanation of this ground, beyond stating "facts are in the transcripts of court hearings." (Doc. 7, p.8.) In Counts 2 and 3, plaintiff alleges violations of his right to a speedy trial. Plaintiff does not identify a specific request for relief.

### Discussion

The court has reviewed the amended complaint under the screening standards set out in its order of October 1, 2021.

First, plaintiff's claim in Count 1 does not identify any specific acts by a defendant or provide any explanation of how his rights were violated. The court has reviewed the attached 65 pages

of attachments and finds no clear, plausible explanation of how plaintiff's rights were violated by either defendant. To the extent that the complaint and attachment may be read to assert interference with plaintiff's federal civil action against the jail concerning his placement in segregation, the court notes that the matter was decided on the merits and was dismissed for failure to state a claim. *Wooten v. Hayden, et al.*, Case No. 18-3067-SAC, *dismissed,* 2021 WL 1210289 (D. Kan. Mar. 31, 2021), *aff'd*, 2021 WL 5711091 (10th Cir. Dec. 2, 2021).

As the Tenth Circuit has explained:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.... [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has failed to present any specific factual allegations, and the court finds no claim for relief is stated.

In Counts 2 and 3, plaintiff asserts he has been denied a speedy trial. Because these claims concern an ongoing state criminal proceeding, plaintiff should address them in the state criminal action, and, if necessary after exhausting state court remedies, through a federal habeas corpus petition under 28 U.S.C. § 2241. *See Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993)(describing

remedies and recognizing that federal courts should abstain where state procedures are available). However, to the extent plaintiff may seek relief against the defendant judge for his rulings in the state criminal action, he fails to state a claim for relief because the defendant is shielded by absolute judicial immunity.

Under that immunity, judges are absolutely immune from suits based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). This immunity "is necessary so that judges can perform their functions without harassment or intimidation." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).

For these reasons, the court finds the present matter does not state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

DATED:  This 7th day of February, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge